IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**TERRANCE CANTRELL BULLOCK**                                                   **PETITIONER**
**ADC #101701**


v.                                            5:09-cv-00138-JJV


**LARRY NORRIS, Director,**
**Arkansas Department of Correction; and**
**STATE OF ARKANSAS**                                                         **RESPONDENTS**


# ORDER

**I.     Background**

The Court has received an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 from Terrance Cantrell Bullock, an inmate in the custody of the Arkansas Department of Correction (ADC). On August 29, 2006, Petitioner entered a negotiated plea of guilty to first degree battery, residential burglary, and being a felon in possession of a firearm in the Circuit Court of Pulaski County, Arkansas, Sixth District 4th, case number CR 2005-2555. (Resp't Ex. A). He was sentenced as a habitual offender to concurrent sentences of 300 months, 300 months, and 60 months. (*Id.*). Also on August 29, 2006, Petitioner entered a negotiated plea of guilty to first degree terroristic threatening and third degree domestic battery in the Circuit Court of Pulaski County, Arkansas, Sixth District 4th, and was sentenced to concurrent terms of 60 months and 12 months, respectively, in case number CR 2005-2580. (Resp't Ex. B). Petitioner failed to file direct appeal to the Arkansas Court of Appeals.

On December 12, 2006, Petitioner filed Rule 37 Petitions in both cases, but these petitions

were dismissed as untimely by the Pulaski County Circuit Court on February 22, 2007. (Resp't Ex. E). Petitioner did not appeal the order. Petitioner subsequently filed a Motion to Correct Clerical Errors and this motion was denied on February 22, 2007, contemporaneously with the order denying the Rule 37 petitions. (Resp't Exs. F, G).

On April 9, 2007, Petitioner filed a Motion to Amend his Sentence Nunc Pro Tunc in both cases. (Resp't Ex. H). On May 17, 2007, the circuit court denied his motion. (Resp't Ex. I). Lastly, on August 20, 2007, Petitioner filed a Petition for State Habeas Corpus Relief. (Resp't Ex. J). The circuit court dismissed the petition on January 8, 2008, for failure to state a cognizable ground for state habeas relief. (Resp't Ex. K). Petitioner appealed the denial of the petition, but on May 15, 2008, the Arkansas Supreme Court held that his petition did indeed fail to state a cognizable claim and dismissed his appeal. (*Id.*).

Petitioner filed his current federal habeas petition on May 13, 2009. (Doc. No. 2). In this petition, Petitioner argues that his sentence was illegal and the trial court was without subject matter jurisdiction to enter a conviction for the charge, when the court accepted Petitioner's guilty plea in violation of Arkansas Rule of Criminal Procedure 24.4. He further argues that he received ineffective assistance of counsel because his counsel failed to advise him that he would not be eligible for parole until he served 100% of his sentence.

Respondent contends that the statute of limitations bars consideration of this petition. Title 28 U.S.C. § 2244(d)(1) and (d)(2) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct

>    review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that Petitioner's conviction became final on September 7, 2006, the date the circuit court entered the judgments of conviction. As a result, Respondent urges that Petitioner should have filed his petition for habeas corpus relief on or before September 7, 2007. Respondent argues that Petitioner's failure to act is fatal to this action. Petitioner, in his Memorandum in Support of Petition for Relief under 28 U.S.C. § 2254 addresses the issue of the one-year statute of limitations and argues that the "petition is not barred from review and subject to 28 U.S.C. §2244(d) because Ground One is being raised within one year of the Arkansas State Supreme Court denying [P]etitioner's state writ of habeas corpus on May 15, 2008."

**II.     Analysis**

Petitioner's current petition is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A). Under Arkansas law, from the time the final judgment was entered by the circuit court on September 7, 2006, Petitioner had 90 days, or until December 6, 2006, to file a

proper motion for post-conviction relief.[1] However, Petitioner did not file his Rule 37 petition until December 12, 2006. Typically, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted." 28 U.S.C. § 2244(d)(2).[2] However, because Petitioner failed to file a timely motion for post-conviction relief, the statute of limitations did not toll during the period in which his Rule 37 petition was pending. *See Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2241(d)(2) . . . a petition filed after a time limit, which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception"). Therefore, the statute of limitations period began running on December 6, 2006.

It would appear that the clock did not stop running until Petitioner filed his current 28 U.S.C. § 2254 petition, a total of 889 days.[3] However, even if the Court gave Petitioner the benefit of all doubt and tolled the period from his Motion to Correct on December 28, 2006, to May 13, 2008, when the Arkansas Supreme Court denied his state habeas petition, Petitioner is still 20 days over the one-year statute of limitations period.[4]

---

[1] See Arkansas Rules of Criminal Procedure, Rule 37.2 (c): [I]f a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment. If the judgment was not entered of record within ten (10) days of the date sentence was pronounced, a petition under this rule must be filed within ninety (90) days of the date sentence was pronounced.

[2] "A properly filed application is one that meets all the state's procedural requirements." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002).

[3] The time from December 6, 2006, to May 13, 2009.

[4] The dates counted against the one-year clock include December 6, 2006, to December 28, 2006, a total of 22 days, and May 15, 2008, to May 13, 2009, a total of 363 days. This totals 385 days. Given that there are 365 days in a year, Petitioner is 20 days over the one-year statute

As a result of the foregoing, this Court finds that the petition was filed after the applicable statute of limitations deadline, and that the limitations period was not subject to equitable tolling. The Court realizes that Petitioner may believe this outcome is too harsh given the technical nature of this decision and given the fact that a *pro se* litigant is untrained in the law.  Yet, the law is very clear on this point, regardless of Petitioner's *pro se* status,  and after very careful consideration of Petitioners claims, the only proper legal outcome is for the Court to dismiss the petition.

Therefore, Petitioner's § 2254 petition (Doc. No. 2) is DISMISSED WITH PREJUDICE, and the requested relief is DENIED.

IT IS SO ORDERED this 13th day of November, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

of limitations period.